UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | REPORT AND RECOMMENDATION |
| V. | ) | |
| | ) | CASE NO. 2:00-cr-24 |
| CLIFFORD EDWARD MONTEITH | ) | |

On July 23, 2010, the supervising probation officer filed a petition (Doc. 56), which alleges that Clifford Edward Monteith violated some of the conditions of his supervised release. Chief Judge Erickson referred the petition to this Court for hearing and for preparation of this Report and Recommendation. (Doc. 71). This Court held a hearing on September 13, 2010, at which time Monteith admitted he had violated conditions of release. The United States seeks a sanction of six months in custody, while Monteith requests continued supervised release.

## FACTS

Monteith's three year supervised release term began June 5, 2008. The supervised release term is part of a 2001 sentence on a firearms conviction. Commencement of the supervised release term was delayed for several months following release from custody, because Monteith was serving a state sentence.

Monteith has had mixed success while on supervised release. Two earlier petitions were filed, though the second was resolved through a modification agreement. The first petition (Doc. 34) involved failure to provide monthly reports and status updates,

1

failure to report for drug and alcohol testing, and failure to complete community service. As a result of that petition, Monteith was required to establish a residence and employment by a stated deadline, and to complete a monthly minimum of community service work. Those modifications were ordered in February 2009 (Doc 48), and Monteith had no reported violations for about the next nine months.

In October 2009, Monteith was arrested by tribal authorities for public intoxication. That resulted in a second petition, which was resolved when Monteith agreed to a placement at Lake Region Law Enforcement Center. (Doc 53). When he left the LRLEC, he was required to complete drug and alcohol programming, including a cognitive restructuring program, at Lake Region Human Services Center. The current petition charges failure to complete that programming.

The current petition also charges that Monteith was convicted of domestic violence in tribal court. Monteith admitted to that conviction, though he maintains that he was not guilty of the crime. He served a 60 day sentence in tribal custody on that charge, and completed the tribal sentence on July 22, 2010.

Monteith has a home in the Rolling Hills area of the Spirit Lake reservation. He expressed concerns about maintenance and security of his home during time he is away from it, and also expressed concern about the 25% of gross earnings he would be

required to pay if he were confined at LRLEC.  The United States asserts that Monteith's concerns for maintenance of his home can be addressed by his sister, who lives next door.

Monteith has been self-employed building picnic tables.  He has also done volunteer carpentry work for Spirit Lake Ministries. At the hearing, he stated that he had been told the previous day that he could begin a full-time construction job immediately.

Monteith stated at the hearing that he has transportation to Devils Lake available, through a shuttle system on the reservation, to attend the cognitive restructuring program.  Monteith stated that he plans to complete that program, though he offered no explanation for having not yet done so.

Monteith made an initial appearance on the current petition on August 5, 2010.  Though the government moved for detention, this Court released him pursuant to an August 9, 2010 Order Setting Conditions of Release.  He appeared as required.  However, subsequent to the hearing, the supervising probation officer filed a report of noncompliance, stating that Mr. Monteith had again been charged with domestic violence in tribal court.  The new petition states that the new domestic violence charge relates to an August 27, 2010 incident, so it is not clear why information about it was not presented at the September 13, 2010 hearing.

## PARTIES' POSITIONS ON DISPOSITION

The United States asks that Monteith be required to serve six

months at LRLEC, with work release privileges and passes to check on his residence on the Spirit Lake reservation.

Monteith asks that his supervised release continue, and did not suggest additional or modified conditions.

## POLICY STATEMENTS OF SENTENCING GUIDELINES

At the time sentence was imposed, Monteith was in Criminal History Category VI.  The violations to which he has admitted are of Grade C.  Under those circumstances, the policy statements suggest a term of custody of eight to fourteen months if supervision is revoked.

## DISCUSSION

Monteith has made some progress while on supervised release. He has shown initiative in self-employment, and appears to have strong connections with Spirit Lake Ministries.  His house is very important to him.  It appears that an issue involving the house was somehow related to the domestic violence charge of which he was found guilty.

Of great concern, however, is that he had another encounter with tribal law enforcement after his initial appearance on this petition, and that he apparently did not advise the supervising probation officer of that encounter.  But for the filing of the new petition, this Court would be inclined to recommend continued supervision with additional conditions.  The charge is pending, and Monteith, is of course presumed innocent of the charge.  However,

there has apparently been a finding of sufficient evidence to issue an arrest warrant on the new matter, and this Court must conclude that Monteith did not advise the supervising officer of the matter prior to the hearing.  In light of the new petition, this Court recommends that Monteith be ordered to serve a term of custody at LRLEC of up to six months, to be reviewed after disposition of the new tribal charge.

## RECOMMENDATION

This Court recommends that the Chief District Judge find Monteith violated conditions of supervised release, as alleged in the petition.  This Court further recommends that Monteith be ordered to serve a term of custody at LRLEC of up to six months, and that the custody term be reviewed after a decision on the pending tribal domestic violence charge.  While at LRLEC, Monteith should be required to participate in the cognitive restructuring program which he has yet to complete, and should be allowed work release and passes to maintain his home, so long as he complies with LRlEC rules.

## OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommendation within fourteen days after being served with a copy of this Report and Recommendation.  If the parties do not object to the proposed findings and recommendations, they should promptly advise the Clerk's Office, so that the matter

may be considered by the District Judge before the fourteen day period ends.

Dated this 23rd day of September, 2010.


*/s/ Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge